CURTIS v. BARKER et al.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

1. TAXATION—ILLEGAL ASSESSMENT—ACTION FOR DAMAGES.

In an action brought to recover damages which the plaintiff evidently intended to allege resulted from an illegal assessment and tax against him for personal property, made by the defendants as commissioners of taxes and assessments, the complaint nowhere alleged that they made any such assessment, or imposed any tax, or attempted to do so. The nearest approach thereto was an allegation as to what was alleged and decided on the subject by the court in a certain proceeding to which the defendants were not parties. Held, on demurrer, that the complaint was fatally defective.

2. APPEALABLE ORDER.

From the order for interlocutory judgment sustaining a demurrer to a complaint, on the ground that it does not state facts sufficient to constitute a cause of action, no appeal is allowed.

Appeal from special term.

Action by George M. Curtis against Edward P. Barker and others. From an interlocutory judgment sustaining a demurrer to the complaint, and from an order for such judgment, plaintiff appeals. Dismissed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

George M. Curtis, in pro. per.

James M. Ward, for respondents.

WILLIAMS, J. The action was brought to recover damages which the plaintiff evidently intended to allege resulted from an illegal assessment and tax against him for personal property, made by the defendants as commissioners of taxes and assessments in and for the county and city of New York. The difficulty with the complaint is that it nowhere alleges that the defendants made any assessment against, or imposed any tax upon, the plaintiff, or attempted to do so, or that they put his name upon any assessment roll as liable to taxation for personal property, whether such assessment roll was legally made or not, or that they imposed any tax upon him. Many allegations are contained in the complaint as to the duty of defendants with reference to assessment rolls, books, and papers, and what they did, and failed to do, with reference to the assessment rolls, books, and papers for the year 1895, and with a view of showing that such assessment rolls were illegal and void; and there are allegations that no assessment rolls, books, or papers were made out or kept open to public inspection, as required by law, upon which the name of the plaintiff appeared as assessed for personal property, but there is no allegation that his name was ever placed by defendants upon any assessment rolls whatever as assessed for personal property, nor that any tax was ever imposed thereon. In order to show the defendants liable for any damages resulting from an alleged illegal assessment and tax, it must certainly be alleged and proved that the defendants caused such assessment to be made and such tax to be imposed. The complaint does allege that proceedings were commenced against plaintiff by the receiver of taxes in 1896, to collect a personal tax which it was alleged was duly entered and imposed by the defendants in 1895, and that the court decided, in that proceeding, that the plaintiff should pay the said tax imposed by the defendants, with costs, and be fined the amount thereof, and he be committed to jail until paid, but these are allegations as to what was alleged, and decided by the court, in a proceeding to which the defendants were not parties, and by which they were in no way bound or affected. The complaint is defective, and the demurrer thereto was properly sustained.

The judgment appealed from should be affirmed, with costs, with leave to plead over on payment of costs in this court and in the court below. The appeal from the order should be dismissed. There is no appeal allowed from such an order. All concur.